IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TOM HILL | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| PEPPER HAMILTON LLP, | § | |
| LESLIE M. GOMEZ, | § | _____ |
| GINA MAISTO SMITH, and | § | |
| NEAL "BUDDY" JONES | § | |
| | § | |
| Defendants | § | |

---

## NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Pepper Hamilton LLP, Leslie M. Gomez, and Gina Maisto Smith (collectively the "Pepper Hamilton attorneys") file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.      INTRODUCTION

1.      Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 74th Judicial District Court of McLennan County, Texas, where this matter was pending under Cause No. 2016-4369-3 in a matter styled *Tom Hill vs. Pepper Hamilton, LLP, Leslie M. Gomez, Gina Maisto Smith and Neal "Buddy" Jones* (the "State Court Action").

### II.      NATURE OF THE SUIT

2.      In August 2015, the Pepper Hamilton LLP law firm was retained to provide legal services to Baylor University including conducting an independent and external review of Baylor University's institutional response to Title IX of the Education Amendments of 1972 and related

compliance issues. Pepper Hamilton attorneys Leslie M. Gomez and Gina Maisto Smith participated in rendering those legal services. Collectively, Pepper Hamilton LLP, Ms. Gomez and Ms. Smith are hereinafter referred to as the "Pepper Hamilton attorneys."

3.      Plaintiff Tom Hill ("Hill") was in 2015 an at-will employee at Baylor University and held the job title of Associate Athletic Director for Community Relations and Special Projects. Hill's at-will employment at Baylor ended on May 26, 2016.

4.      Hill asserts claims against the Pepper Hamilton attorneys for negligence in their legal work for Baylor, intentional wrongful conduct, and defamation. *Plaintiff's First Amended Petition pp. 1-2, para. 9-10.*

5.      Hill has also named Neal "Buddy" Jones as a defendant; however, no cognizable cause of action is asserted against him in Plaintiff's First Amended Petition.

### III.      TIMELINESS OF REMOVAL

6.      Hill commenced this lawsuit on December 13, 2016 by filing his Original Petition against the Pepper Hamilton attorneys in the 74th Judicial District Court of McLennan County, Texas. Hill's Original Petition asserted that the amount in controversy was $60,000. *Plaintiff's Original Petition, p. 2, para. 13.* Removal jurisdiction based on diversity was not apparent on the face of the pleading because it did not allege at least $75,000 in controversy.

7.      Plaintiff's First Amended Petition was filed ten days later on December 23, 2016. In the First Amended Petition, Hill now alleges the amount in controversy exceeds $2,000,000. *Plaintiff's First Amended Petition p. 1, para. 3.* The Pepper Hamilton attorneys had not yet appeared or answered the suit when the First Amended Petition was filed, and they did not receive a copy of it at the time it was filed. Counsel for the Pepper Hamilton attorneys obtained a copy of Plaintiff's First Amended Petition from the McLennan County District Clerk's office on January 4, 2017. Thus, removal is timely because it is filed less than 30 days after receipt of the

First Amended Petition in which Hill now alleges an amount in controversy sufficient for removal. 28 U.S.C. § 1446.

## IV.   BASIS FOR REMOVAL JURISDICTION

8.      Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendants [exclusive of Jones, as discussed below], and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Plaintiff Hill is now, and was at the time of the filing of this action, a Texas citizen residing in McLennan County, Texas. *Plaintiff's First Amended Petition p. 1, para. 4.* Accordingly, for diversity purposes, Plaintiff is a citizen of Texas.

10.      Defendant Pepper Hamilton LLP is now, and was at the time of the filing of this action, a Pennsylvania limited liability partnership, with its principal place of business in Pennsylvania. The citizenship of an LLP is the same as the citizenship of all its partners. *Carden v. Arkoma Associates,* 494 U.S. 185 (1990). All of the partners in Pepper Hamilton LLP are citizens of states other than Texas, and none of the partners in Pepper Hamilton LLP is a resident or citizen of Texas. Accordingly, Pepper Hamilton LLP is a not a citizen of Texas for purposes of diversity jurisdiction. *See also Plaintiff's First Amended Petition p. 1, para. 5 ("Defendant Pepper Hamilton, LLP is a non-resident of the State of Texas.").*

11.      Defendant Leslie M. Gomez is a citizen of Pennsylvania. *See also Plaintiff's First Amended Petition p. 1, para. 6.*

12.      Defendant Gina Maisto Smith is a citizen of Pennsylvania. *See also Plaintiff's First Amended Petition p. 1, para. 6.*

13.      Defendant Neal "Buddy" Jones is a citizen of Texas. *See also Plaintiff's First Amended Petition p. 1, para. 7.* But the claims against Jones are improperly or fraudulently

joined, so his citizenship should be disregarded in determining whether there is complete diversity.

14.     There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendants [exclusive of Jones, as discussed below].

15.     According to the First Amended Petition, the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. Plaintiff has pled damages in an amount "exceeding $2,000,000." *Plaintiff's First Amended Petition p. 1, para. 3.*

## V.     IMPROPER/FRAUDULENT JOINDER OF JONES

16.     Plaintiff's First Amended Petition improperly and fraudulently joined claims against Defendant Neal "Buddy" Jones in an attempt to plead a dramatic increase in his alleged damages (now more than 33 times the amount Hill alleged in his initial pleading) while at the same time avoiding federal diversity jurisdiction. Hill has asserted no independent, viable claim against Jones under Texas law; so, in assessing diversity removal jurisdiction, the court should disregard Jones as an improperly-joined defendant.

## A.     Standard of Review

17.     Under the doctrine of improper joinder, the court should ignore non-diverse defendants, such as Jones, if the removing defendant demonstrates that there is no possibility of recovery by plaintiff against an in-state defendant. The removing party bears the burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis*, 326 F.3d at 646-47). Where, as here, the citizenship of the non-diverse party is not in dispute, the removing defendant need only prove the latter. Under the latter method, the court determines

whether the plaintiff has "*any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This *possibility, however, must be reasonable*, not merely theoretical." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F. 3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).

18.     A determination of improper joinder must be based on an analysis of the cause of action alleged in the complaint at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995). In this analysis, the Court considers whether the complaint meets the requirements of Rule 12(b)(6), "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.

**B.      There is no Reasonable Basis in Texas Law to Impose Liability Against Jones on the Facts Alleged**

19.     <u>Alleged Causes of Action</u>. Plaintiff's First Amended Petition fails to identify a specific cause of action against Jones. For example, Hill excludes Jones from his negligence cause of action in Paragraph 9, limiting his claims against Jones to vague allegations of "wrongful and intentional conduct." *Plaintiff's First Amended Petition, p. 1, para. 9.* However, Hill later asserts that his damages were "caused by the negligence, defamation, and intentional wrongful conduct of <u>all</u> Defendants." *Id. at p. 3, par. 20* (emphasis added). But Plaintiff has not stated a claim for negligence, defamation, or intentional wrongful conduct on which relief can be granted against Jones. All of the potential claims against Jones are founded on the following common premise found in Paragraph 18:

> In approximately May, 2016 the non-resident Defendants [the Pepper Hamilton attorneys] provided the BOR [Baylor University Board of Regents] with a document called "REPORT OF EXTERNAL AND INDEPENDENT REVIEW"; following the issuance of that Report, Defendant Jones, in concert with others, wrongfully tried to leverage the use of the report to influence the BOR to terminate the employment of President [Ken] Starr or to reassign him. As a result of Defendant Jones' effort to persuade the BOR to fire or reassign Starr, he caused the collateral firing of head football coach Art Briles and assistant athletic director Plaintiff Tom Hill.

That asserted sequence does not state a cognizable claim by Hill against Jones.

20.    Negligence. Plaintiff's First Amended Petition fails to identify any act of negligence by Jones. Hill does not allege facts establishing that Jones owed him any legal duty arising out of either statute or common law. Without a legal duty, a defendant cannot be held liable in tort. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). In paragraph 16, Hill alleges that Jones *once* had a fiduciary duty to Baylor employees while serving on the Baylor University Board of Regents. But in paragraph 18, Hill identifies Jones as a *former* member of the Board of Regents (no longer with such an alleged duty) at the time of the "collateral firing of … Plaintiff Tom Hill." Since, Jones was not a member of the Board of Regents at any time during the acts complained of by Hill, there is not a reasonable possibility that Hill can succeed on any claim of negligence against Jones.

21.    Defamation. To prove an action for defamation, the complained-of statement must be false. *Neely v. Wilson*, 418 S.W.3d 52, 62 (Tex. 2013). The statement must also be published or communicated to a third party. *Thomas-Smith v. Mackin*, 238 S.W.3d 503, 507 (Tex.App. – Houston [14th Dist.] 2007, no pet.). Finally, as a limited-purpose public figure, Hill must prove the defamatory statement was made with actual malice. *Casso v. Brand,* 776 S.W.3d 551, 554 (Tex. 1989). Here, Hill has not alleged any facts which could establish any of these elements. First, Hill does not identify any statement whatsoever, defamatory or otherwise, allegedly made by Jones. Second, Hill does not allege that Jones published a defamatory statement about Hill to

any third party. In fact, in paragraph 19, Hill pleads that the defamation in question was not a statement made by Jones at all, but that it was instead part of the *sequelae* of his termination by Baylor. Third, Hill does not allege that Jones acted with actual malice. Fourth, Hill's defamation claim is barred because Hill did not plead that he had served Jones with a written request for correction, clarification, or retraction as required by the Defamation Mitigation Act ("DMA"), as set forth in TEX. CIV. PRAC. & REM. CODE § 73.055, at any time prior to service of the defamation claim. Therefore, there is no reasonable possibility that Hill can succeed on any claim of defamation against Jones.

22.     <u>Intentional Wrongful Conduct</u>. Texas does not recognize a cause of action for "intentional wrongful conduct." While specific intentional torts may be viable causes of action, (such as false imprisonment, trespass and invasion of privacy), Hill does not allege such intentional torts, and none arises from the facts alleged in Plaintiff's First Amended Petition. Thus, there is no reasonable possibility of recovery for Hill's assertion of "intentional wrongful conduct." Therefore, Jones's citizenship is disregarded, and the court's removal jurisdiction is established based on the complete diversity between Plaintiff Hill and the Pepper Hamilton attorneys.

## V.     THIS NOTICE IS PROCEDURALLY CORRECT

23.     This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because the Pepper Hamilton attorneys are not citizens of Texas, the state in which the action was brought. This action is removable and venue is proper because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

24.     Because Defendant Neal "Buddy" Jones has been improperly joined, his consent is not needed to comply with 28 U.S.C. §1446(b).  *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir.

2007); *Perez v. Bank of Am., N.A.* 2013 U.S. Dist. LEXIS 159791, *17 (W.D. Tex. Nov. 7, 2013).

25.     Attached to this Notice of Removal are the documents required by 28 U.S.C. § 1446(a) as follows:

>   A:     Index of all documents filed in the State Court Action.
>
>   B:     Docket Sheet in the State Court Action.
>
>   C:     Copies of all process, pleadings and orders filed in State Court.
>
>   D:     Signed Certificate of Interested Persons.

26.     The Pepper Hamilton attorneys are filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Disclosure Statement and Certificate of Interested Persons.

27.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 74th Judicial District Court of McLennan County, Texas.

28.     Trial has not commenced in the 74th Judicial District Court of McLennan County.

## V.     CONCLUSION

29.     Since diversity jurisdiction exists over Plaintiff's claims as set forth in Plaintiff's First Amended Petition, the Pepper Hamilton attorneys are entitled to remove the lawsuit filed in the 74th Judicial District Court of McLennan County, Texas to the United States District Court for the Western District of Texas, Waco Division.

**WHEREFORE,** Defendants Pepper Hamilton LLP, Leslie M. Gomez, and Gina Maisto Smith remove this action from the 74th Judicial District Court of McLennan County, Texas, to this Court.

Respectfully submitted,

By: */s/ William D. Cobb, Jr.*
WILLIAM D. COBB, JR.
Texas Bar No. 04444150
wcobb@cobbmartinez.com

CARRIE JOHNSON PHANEUF
Texas Bar No. 24003790
cphaneuf@cobbmartinez.com

COBB MARTINEZ WOODWARD PLLC
1700 Pacific Avenue, Suite 3100
Dallas, TX 75201
(214) 220-5201 (direct phone)
(214) 220-5251 (direct fax)

ATTORNEYS FOR DEFENDANTS
PEPPER HAMILTON LLP,
LESLIE M. GOMEZ, AND
GINA MAISTO SMITH

## CERTIFICATE OF SERVICE

This will certify a true and correct copy of this document has been forwarded to all counsel of record, either by e-service, telefax, electronic mail, certified mail, return receipt requested, and/or regular U.S. mail on January 23, 2017.

By: */s/ William D. Cobb, Jr.*
WILLIAM D. COBB, JR